FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 24 2005 ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE MENESES,

                                          Petitioner,

    - against -

UNITED STATES OF AMERICA,

                                          Respondent.
----------------------------------------------------------X

05 CV 0761 (SJ)
02 CR 0468 (SJ)

**MEMORANDUM & ORDER**

APPEARANCES:

JOSE MENESES
# 61043-053
FSL Elkton OH
P.O. Box 10
Lisbon, OH 44432-0010
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
One Pierrepont Plaza
Brooklyn, New York 11201
By:    Lara Treinis Gatz, Esq.
Attorney for Respondent

JOHNSON, Senior District Judge:

    Before the Court is a motion by Jose Meneses ("Petitioner"), acting *pro se*, to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255

1

Motion"). For the reasons stated herein, the motion is DENIED.[1]

## BACKGROUND[2]

Petitioner seeks to challenge a judgment, which followed a plea of guilty on October 16, 2002, convicting Petitioner of conspiracy to import one or more kilograms of heroin, in violation of 21 U.S.C. §§ 960(a)(1), 960(b)(1)(A). On April 15, 2003, this Court entered judgment sentencing Petitioner principally to 70 months of incarceration.[3]

Petitioner filed the § 2255 Motion, dated February 2, 2005, claiming ineffective

---

[1] On December 22, 2003, Petitioner filed with this Court a Motion for Modification of Sentence Due to Clarification of Applicable Guideline (the "Sentencing Clarification Motion"), in which he claims an amendment to the applicable Federal Sentencing Guidelines (the "Guidelines") entitles him to a two-point reduction in his Guidelines range and, thus, a lower sentence. Petitioner is not correct. The relevant portion of the amendment upon which he relies, Amendment 640, which became effective November 1, 2002, does relate to the so-called "safety valve" provision applicable to Petitioner's Guidelines calculation. However, Amendment 640 does not provide a basis for an additional two-point safety-valve reduction. Rather, it merely "provides an application note that clarifies that the two level reduction under §2D1.1(b)(6) does not depend on whether the defendant is convicted under a statute that carries a mandatory minimum term of imprisonment." U.S. Sentencing Guidelines Manual, App. C-Vol. II at 260 (2005). Further, at the time of Petitioner's sentencing, the Guidelines range the Court used to sentence Petitioner already included a two-point reduction for safety valve. See § 2255 Motion, Ex. 1 at 4-5. Finally, even if the relevant part of Amendment 640 were a basis for relief, Amendment 640 is not retroactive. United States v. Garcia, 339 F.3d 116, 120 (2d Cir. 2003). Thus, because his Sentencing Clarification Motion provides no basis for a further reduction in his sentence, that motion is denied.

[2] The Court assumes the parties' familiarity with the facts of Petitioner's criminal case, Docket No. 02 CR 468 (SJ).

[3] Petitioner, acting *pro se*, filed a notice of appeal to the United States Court of Appeals for the Second Circuit (the "Second Circuit") on April 18, 2003. See United States v. Meneses, Docket No. 02 CR 468, Entry No. 30. On June 24, 2003, the Second Circuit issued a scheduling order for the appeal. Id., Entry No. 33. When Petitioner failed to comply with the scheduling order, the Second Circuit dismissed the appeal in a mandate issued on April 14, 2004. Id., Entry No. 35.

2

P-049

Counsel"), for: (1) failing to pursue a "minor role" reduction for Petitioner; (2) failing to move for a "cultural assimilation" downward departure; and (3) failing to move for a downward departure based on "extraordinary family circumstances."[4]

## DISCUSSION

### I. Trial Counsel Was Not Ineffective

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test to determine whether a counsel's assistance was ineffective. First, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." Id. at 688. When evaluating counsel's performance, a court must examine the circumstances of counsel's conduct from counsel's perspective at the time rather than from hindsight. Id. at 689. Moreover, in order to satisfy the first prong of Strickland, Petitioner must overcome the strong presumption that the challenged action or inaction may be considered reasonable strategy. Id.

Second, a petitioner must show that counsel's performance prejudiced his defense. Id. at 692. To show prejudice, there must be a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have

---

[4]In addressing the present petition, the Court is mindful that Petitioner is proceeding *pro se*, and his submissions will therefore be liberally construed and read to raise the strongest arguments they suggest. See, e.g., Abrahamson v. United States, No. 03 CV 4677, 2004 U.S. Dist. LEXIS 7150, at *2-3 (S.D.N.Y. Apr. 26, 2004).

3

been different. Id. at 694. As the Supreme Court stated, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Unless Petitioner satisfies both of the requirements of Strickland, it cannot be said that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687.

Here, Trial Counsel's strategy at sentencing was neither unreasonable nor prejudicial to Petitioner. The record and the filings related to the § 2255 Motion make it clear that Trial Counsel performed rather ably on behalf of Petitioner, who could have faced a significantly more severe sentence had Trial Counsel not convinced the government (and eventually the Court) that Petitioner was responsible for a much smaller amount of heroin than the government had originally attributed to Petitioner. See Gov. Let. in Resp. to § 2255 Motion at 4; § 2255 Motion, Ex. 1 at 3.

Moreover, with respect to the three grounds for a reduced sentence Petitioner claims Trial Counsel failed to raise before this Court, the record also refutes any notion either that Trial Counsel was lacking or that Petitioner was prejudiced. First, in a pre-sentencing letter to the Court, Trial Counsel argued why Petitioner was entitled to a minor role reduction. See Gov. Let. in Resp. to § 2255 Motion, Ex. 5. Trial Counsel then pressed this point, albeit unsuccessfully, during Petitioner's sentencing. See § 2255 Motion, Ex. 1 at 4.

Trial Counsel also submitted to the Court – and brought to the Court's attention during the sentencing – the numerous letters that Petitioner's relatives had written on

4

during the sentencing – the numerous letters that Petitioner's relatives had written on his behalf, as well as the reports and evaluations reflecting how Petitioner's criminal case was adversely affecting his children.[5] Thus, the Court was well-aware at the time of sentencing both of the family's circumstances and Petitioner's assimilation in the United States. No more formal motion by Trial Counsel on these grounds would have been necessary or would changed this Court's decision as to the appropriate sentence for Petitioner.[6]

Therefore, Petitioner's claim of ineffectiveness by Trial Counsel is without merit.

## II. Certificate of Appealability

The only remaining issue is the question of whether to grant a certificate of appealability. For a certificate of appealability to issue, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[5]The Court also was in receipt at the time of Petitioner's Pre-Sentence Report, which detailed his family's circumstances, including his wife's earning potential as well as the number of relatives who resided in the area where Petitioner's family lived and would thus be available to assist with the care of the children in Petitioner's absence.

[6]With respect to a "cultural assimilation" downward departure in particular, the lack of prejudice to Petitioner is further evidenced by a recent opinion of the Second Circuit on the subject. In United States v. Braxton, No. 05-3896-CR, 2006 WL 897754 (2d Cir. Mar. 27, 2006), the Second Circuit made clear that not only has it not decided whether "cultural assimilation" is a valid basis for a downward departure, but also, even those courts that have decided that question in the affirmative have done so "only where a defendant, having spent a large portion of his or her life in the United States and developed extensive cultural and familial ties here, attempted to re-enter the country illegally." Id., at *1 (citations omitted). Such a rationale, even if accepted by the Second Circuit, obviously would not have been applicable to Petitioner, who has resided in this country legally.

5

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. U.S., No. 04 CV 1111, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Petitioner has made no substantial showing of the denial of a constitutional right in this case.

## CONCLUSION

After reviewing the filings and the relevant portions of the record, which were entirely sufficient to dispose of this motion, the Court hereby DENIES both the § 2255 Motion and the issuance of a certificate of appealability. Morever, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is hereby DISMISSED with prejudice. The Clerk of the Court is directed to close the case.

SO ORDERED.

s/SJ

Dated: April 1̶8̶, 2006
Brooklyn, New York

Senior U.S.D.J.

P-049